IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY _____ D.C.

05 OCT 28 AM 11: 30

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| SANDRA K. WEBB and TABITHA N. WEBB, | ◊ ◊ ◊ |
| Plaintiffs, | ◊ ◊ |
| VS. | ◊   No. 05-1208-T/An |
| DAVID LEE WOOLFORK, | ◊ ◊ |
| Defendant. | ◊ |

---

ORDER DIRECTING PLAINTIFFS TO FILE PROPERLY COMPLETED
*IN FORMA PAUPERIS* AFFIDAVITS OR PAY THE CIVIL FILING FEE

---

Plaintiffs Sandra K. Webb and Tabitha N. Webb filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 25, 2005, along with *in forma pauperis* affidavits.

Federal law provides that the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of" $250. 28 U.S.C. § 1914(a).[1] To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746. See, e.g., Reynolds v.

---

[1] Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 10-28-05



Federal Bur. of Prisons, 30 Fed. Appx. 574 (6th Cir. Mar. 11, 2002); Brogue v. Fort Knox Fed. Credit Union, No. 86-1896, 1997 WL 242043 (6th Cir. May 8, 1997).

Plaintiffs' motions to proceed *in forma pauperis* do not adequately document their monthly income, assets, and financial obligations. In particular, plaintiff Tabitha N. Webb has stated that she has no income or assets and is solely supported by plaintiff Sandra K. Webb. The affidavit submitted by Sandra K. Webb provides no information about the means by which the she is supporting herself and her daughter and no information concerning her monthly expenses or her assets. The information provided by plaintiff Sandra K. Webb is, therefore, insufficient to permit the Court to conclude that she is indigent and unable to pay the filing fee or to give security therefor.

Accordingly, plaintiff Sandra K. Webb is ORDERED to either pay the $250 civil filing fee or file a properly completed *in forma pauperis* affidavit that is executed in compliance with 28 U.S.C. § 1746, within thirty (30) days after the entry of this order. The Clerk is directed to send plaintiff Sandra K. Webb another copy of the nonprisoner *in forma pauperis* affidavit along with this order. Failure to timely comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this 26th day of October, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 1:05-CV-01208 was distributed by fax, mail, or direct printing on October 28, 2005 to the parties listed.

---

Nicole Webb
PO Box 1451
Jackson, TN 38302

Sandra K. Webb
PO Box 1451
Jackson, TN 38302

Honorable James Todd
US DISTRICT COURT